UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JODY FIRNENO,
CHRISTOPHER FRANKE,
     Plaintiffs,

 -vs-                                    Case No.
                                        Hon.

                                        <u>CLASS COMPLAINT</u>

NATIONWIDE MARKETING, SERVICES, INC.,
     (dba NATIMARK)
LEON SAJA
CORPORATE OFFICER/AGENT DOE I,
CORPORATE OFFICER/AGENT DOE II,
DOE CORPORATION
     Defendants.

## **<u>COMPLAINT & JURY DEMAND</u>**

*Jody Firneno and Christopher Franke state the following claims for relief:*

### **<u>Introduction</u>**

The Fair Credit Reporting Act, 15 U.S.C. § 1681b regulates the access and use of consumer reports in order to protect consumer privacy. In particular, it restricts access of consumer reports to a specifically enumerated list of permissible purposes set forth in Section 1681b(a). 15 U.S.C. § 1681b. This case involves the illegal use of and access to the private financial data in the consumer reports of hundreds or even thousands of financially distressed consumers for the end purpose of marketing debt consolidation services to them. This is not within the permissible purposes set forth in 15 U.S.C. § 1681b. Defendant Nationwide Marketing, Inc. (dba Natimark) is a lead generator and list services provider that illegally bought and sold consumer lists for the purpose of selling them to companies that provide debt consolidation services. These lists included

such private financial information as debt load along with the consumer's name and address, and on information and belief, other private consumer information that may only be obtained from consumer reporting agencies.   As such, these lists constitute consumer reports that may only be accessed and used for a permissible purpose.  15 U.S. C. § 1681b(f).  See *Trans Union v FTC*, 245 F.3d 809 (U.S. App. D.C. 2001).

The acts of Defendant and its corporate officers and agents violated the privacy and security interests of the consumers included in the lists.  Ms. Firneno and Mr. Franke brings this class action on behalf of the thousands of consumers whose rights under the FCRA were violated and to stop Defendants' practice of illegally accessing and using private financial information to market debt consolidation services.

## Jurisdiction

1.     Jodi Firneno and Christopher Franke bring this lawsuit under the FCRA, 15 U.S.C. § 1681 *et seq.*

2.     The claims within the lawsuit arise under that federal law and this case presents a federal question.

3.     Jurisdiction arises under 28 U.S.C. §1331 and 15 U.S.C. §1681 *et seq.*

## PARTIES

4.     Plaintiff Jody Firneno resides in  Plymouth, Michigan in Wayne County and is a citizen of Michigan.  Jody Firneno is a consumer as defined by the FCRA, 15 U.S.C. §§ 1681 *et seq* at §1681a(c).

5.     Plaintiff Christopher Franke resides in Commerce Township, Michigan in Oakland County and is a citizen of Michigan.  Christopher Franke is a consumer as defined by the FCRA, 15 U.S.C. §§ 1681 *et seq* at §1681a(c).

6.      The Defendants to this lawsuit are:

a.      Nationwide Marketing Services, Inc. ("Nationwide Marketing") which is a Florida corporation doing business as Natimark and which conducts business in Michigan. Its corporate headquarters are at 3620 N. 3rd Ave., Phoenix, Arizona, 85013. It operates out of that location along with its affiliate, The Leads Warehouse.

b.      Leon Saja, President of Nationwide Marketing.

c.      Corporate Officer/Agent Doe I ("Corporate Agent Doe I") of Nationwide Marketing, that acting alone or in concert with others, formulated, directed, controlled, and or had the authority to authorize the purchase of consumer reports from consumer reporting agencies and re-sell them to companies for the ultimate purpose of marketing debt consolidation services to Plaintiffs Jodi Firneno, Christopher Franke and other similarly situated consumers.

d.      Corporate Officer or Agent Doe II ("Corporate Agent Doe II") of Nationwide Marketing that acting alone or in concert with others, certified a permissible purpose to the consumer reporting agencies for the purchase of the consumer reports of Plaintiffs Jodi Firneno, Christopher Franke and other similarly situated consumers.

e.      Collectively, Nationwide Marketing,  Mr. Saja, Corporate Agent Doe I, and Corporate Agent Doe II will be referred to throughout the balance of the complaint as **Natimark.**

f.      Doe Corporation which is a company whose name is used to obtain consumer reports by Natimark.

### General Allegations

7.      Natimark sells lists of consumer and consumer information to businesses in Michigan and

throughout the nation for use in marketing products and services. Nationwide's product is information about consumers.   In spelling out the reasons businesses should choose Natimark, its website states: "Whether you are in Retail, Financial, Healthcare, Travel or Entertainment industries the more you know about your customers, the better you can target new ones.  Let Natimark with our experience and leading technology, provide you with the best tools and most accurate data in the industry."  (http://www.natimark.com/index.php: downloaded most recently Jan. 5, 2014).

8.    Natimark sells its product through its Natimark website.  Included on its website is the menu of consumer data that it offers to its clients.  Specifically, it offers to sell consumer lists that detail information about consumers' income, credit rating, range of credit and net worth. (http://www.natimark.com/products&services/national_consumer_list.htm:   downloaded most recently Jan. 5, 2014).

9.    Natimark sells consumer lists to businesses that sell debt consolidation or debt negotiation services.

10.   Its affiliated website specifically identifies the consumer reporting agencies as the source of information about targeted marketed lists for the debt consolidation industry.  Specifically, it states: "Millions of US citizens are plagued with too much debt.  Our custom-created debt profile makes marketing for debt relief, debt consolidations, or debt negotiation products effortless.  Due to the fact that ***they are derived from credit bureaus***, they are extremely up to date and filtered to your specific needs" (emphasis added) (http://lists.natimark.com/contact-us.php:most recently downloaded January 6, 2014).

11.   Natimark maintains subscriptions with each of the consumer reporting agencies (Equifax Information Services, LLC,  Experian Information Solutions, Inc., and Trans Union, LLC)

in order to obtain consumer reports. These subscriptions are held directly with the consumer reporting agencies or indirectly through The Leads Warehouse or with another affiliated entity.

12. Natimark itself is not an end user of credit reports, and as such must identify an end user to the consumer reporting agencies from which it acquires consumer reports. 15 U.S.C. § 1681e(e)(1)(A).

13. Because the end users – such as Radner Law 800Zero Debt – have no permissible purpose, Natimark falsely identifies the end user and the end user's permissible purpose. In so doing Natimark hides the actual end user's identify and impermissible use from consumers.

14. Natimark has arranged with the Doe Corporation to allow Natimark to identify the Doe Corporation – whose true name would ordinarily be associated with a permissible purpose – as the end user of the reports, and to falsely certify the permissible purpose contrary to the provision of 15 U.S.C. § 1681e(e)(A).

15. Together, Natimark and Doe Corporation then cooperate to misuse the consumer reports for purposes other than those certified, in violation of 15 U.S.C. § 1681b(f).

16. Together with Natimark, Doe Corporation operates as a reseller of consumer reports for purposes of 15 U.S.C. § 1681e(e).

17. Radner Law Group, PLLC, ("Radner") is a Michigan professional limited liability company that sells and provides a program entitled "Debt Mediation" to consumers.

18. 800 Zero Debt, LLC ("800 Zero Debt") is a Michigan limited liability company.

19. Radner along with 800 Zero Debt are in a joint enterprise to advertise, promote and operate a business of soliciting consumers for debt consolidation, debt negotiation or other debt related services.

20.     Sometime in 2012, Natimark entered into an agreement to sell consumer lists to Radner and
        800 Zero Debt.  On information and belief, this agreement was conducted directly or
        indirectly along with The Leads Warehouse, its affiliate or another affiliate.

21.     Defendants sold the lists to Radner and 800 Zero Debt which  included the names of
        Plaintiffs Jodi Firneno, Christopher Franke along with the other class members.

22.     The lists also included a precise figure for the amount of debt held by Ms. Firneno, Mr.
        Franke and each of the other class members which Natimark, on information and belief,
        purchased from a credit reporting agency.

23.     Using the information from the lists, Radner and 800ZeroDebt sent out a form letter to Ms.
        Firneno, Mr. Franke and the class members advertising the "debt relief reduction" services
        of Radner and 800ZeroDebt.

24.     The letter to Ms. Firneno and Mr. Frank included a statement that the letters concerned
        "Important Information Regarding Your Unsecured Debt."

25.     In each of the letters to Ms. Firneno and Mr. Franke,the letter included a precise figure of
        the amount of debt held by each.

26.     The letter stated that the program had been "Prescreened."

27.     The letters received by Ms. Firneno and Mr. Franke were form letters, with each of these two
        receiving the substantially same letters customized to include their own identifiers and
        individual amount of "Unsecured Debt."

28.     Ms. Firneno and Mr. Franke each later received additional similar letters from Radner and
        800 Zero debt.

29.     Natimark advertises the sale of lists of consumer names on its website.

30.     Because both Ms. Firneno and Mr. Franke received the same form letter and Natimark sells

lists of consumer names, it is a reasonable inference that Radner and 800 Zero Debt sent the same form letter to hundreds if not thousands of other similarly situated consumers.

31.    On information and belief, Leon Saja authorized the purchase and re-sale of the consumer lists from the consumer reporting agency(ies) to Radner and 800 Zero Debt.

32.    Corporate Agent Doe I, on behalf of Natimark, authorized the purchase and re-sale of the consumer lists from the consumer reporting agency(ies) to Radner and 800 Zero Debt.

33.    Corporate Agent Doe II, on behalf of Natimark, falsely certified a permissible purpose of the access and use of the consumer reports of the individuals on the consumer lists.

34.    Defendants did not have a permissible purpose to access or use the reports of Ms. Firneno, Mr. Franke and class members under 15 U.S.C. § 1681b.

### FCRA Allegations

35.    Defendants are users of credit information as contemplated by the Fair Credit Reporting Act (FCRA),15 U.S.C. §§ 1681 at §1681a(c).

36.    Defendants accessed and used private financial information in consumer reports of Plaintiffs and other class members, in violation of the consumer privacy sections of the Fair Credit Reporting Act, 15 U.S.C. § 1681b and § 1681b(f).

37.    Defendants did not have a permissible purpose to access and/or use the reports of Plaintiffs and class members under 15 U.S.C. § 1681b.

38.    Defendants falsely certified they had a permissible purpose in accessing and using Plaintiffs' and the class members consumer reports.

39.    As a direct and proximate cause, Ms. Firneno, Mr. Franke and the class members have suffered an unwarranted invasion of privacy and violation of their rights under the FCRA.

40.    Natimark and Doe Corporation re-sold the consumer reports it obtained from one or all of

the credit reporting agencies to Radner and 800ZeroDebt without a permissible purpose.

41.  Natimark and Doe Corporation, as re-sellers of credit information, are each credit reporting agencies for purposes of the FCRA. 15 U.S.C. § 1681a(f) and (u).

42.  Natimark and Doe Corporation are required to use reasonable procedures to limit the furnishing of consumer reports to a § 1681b permissible purpose.

43.  Natimark failed to implement reasonable procedures to ensure the furnishing of consumer reports was limited to a § 1681b permissible purpose.

44.  Natimark and Doe Corporation failed to identify and verify the true prospective use of reports by Radner and 800 ZeroDebt in violation of § 1681e(a) and § 1681e(e); alternatively, Natimark knew, or should have known the prospective use of reports by Radner and 800ZeroDebt was without a permissible purpose and thus acted in violation of § 1681e(a) and § 1681e(e).

45.  Natimark and Doe Corporation did not have a permissible purpose in furnishing the consumer reports to Radner and 800 ZeroDebt.

46.  As a direct and proximate cause, Ms. Firneno, Mr. Franke and the class members have suffered an unwarranted invasion of privacy and violation of their rights under the FCRA.

## Class Definition and Class Issues

47.  Ms. Firneno and Mr. Franke bring this action on behalf of themselves and a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23.

48.  Plaintiffs propose to represent the following class:

   a.   All persons within the United States whose consumer reports were used by Natimark and Doe Corporation or any of their affiliates, including The Leads Warehouse, in the five years preceding the filing of this complaint and sold to other companies that

operated as lead generators for debt consolidation services.

49.    The class is so numerous as to make it impracticable to join all the disparate members of the

classes.

50.    This complaint seeks monetary damages under Fed.R.Civ.P. 23(b)(3).

51.    The class claims in this case present common questions of law and fact including whether:

    a.    Defendants accessed  and used consumer reports;

    b.    Defendants certified a permissible purpose in accessing and using consumer reports;

    c.    Defendants had a permissible purpose in using the reports;

    d.    Defendants falsely certified their permissible purpose;

    e.    Defendants maintained reasonable procedures to limit the furnishing of consumer

reports to a permissible purpose;

    f.    Defendants furnished consumer reports for an impermissible purpose;

    g.    Defendants' conduct was knowing and/or willful;

52.    These common questions predominate over any question affecting only individual class

members.

53.    Plaintiffs' claims are typical of the claims of the class members.

54.    Plaintiffs' base their claims and those on behalf of the class upon the same legal and

remedial theories.

55.    Plaintiffs will fairly and adequately protect the interests of all class members in the

prosecution of this action and in the administration of all matters relating to the claims in this

case.

56.    Plaintiffs' have suffered similar injuries as the members of the classes that they seek to

represent.

57.     Plaintiffs' have retained counsel experienced in handling class action suits involving unfair business practices and consumer law.

58.     Neither Plaintiff nor their counsel have any interest which might cause them not to vigorously pursue this action.

59.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

60.     No individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Defendants, because the claim amounts are likely small and involve statutory damages under the FCRA.

61.     Management of these claims will likely present few difficulties because this case involves consumer lists provided National Marketing and Doe Corporation which include the names and addresses of the class members.

### Count I: Fair Credit Reporting Act "Access and Use" Claims, 15 U.S.C. § 1681b(a), (f), § 1681e(e) and § 1681q (All Defendants)

62.     Plaintiffs incorporate the preceding allegations by reference.

63.     Defendants accessed and used the consumer reports of Ms. Firneno, Mr. Franke and other class members in violation of 15 U.S.C.§§ 1681b(a), b(f) and 1681q.

64.     Defendants willfully violated 15 U.S.C. § 1681b and § 1681b(f).

65.     Defendants falsely acquired consumer reports for resale without truthfully identifying the permissible purpose, end user in violation of 15 U.S.C.§§ 1681e(e)(1).

66.     Defendants falsely acquired consumer reports for resale without truthfully verifying the permissible purpose, end user in violation of 15 U.S.C.§§ 1681e(e)(2).

67.     Defendants willfully violated 15 U.S.C. § 1681e.

68.     Defendants are liable for their willful violations under 15 U.S.C. § 1681n.

69.    Defendants knowingly and willfully obtained the information from the consumer reports of Ms. Firneno, Mr. Franke and the other class members under false pretenses and are liable under  15 U.S.C. § 1681q.

70.    Ms. Firneno, Mr.  Franke and the class member have  suffered damages as a result of these violations of the FCRA.

**Count II: Fair Credit Reporting Act Furnishing Claims, 15 U.S.C. § 1681b and § 1681e**
**(Natimark, Leon Saja and Corporate Agent Doe I and Doe Corporation)**

71.    Plaintiffs incorporate the preceding allegations by reference.

72.    Doe Corporation acted in concert with Natimark to furnish the consumer reports of Ms. Firneno, Mr. Franke and other class members to Radner and 800 Zero Debt.

73.    Natimark, Leon Saja,  Corporate Agent Doe I and Doe Corporation furnished the consumer reports of Ms. Firneno, Mr. Franke and other class members to Radner and 800 ZeroDebt in violation of 15 U.S.C.§§ 1681b(a) and 1681e.

74.    Natimark, Leon Saja, Corporate Agent Doe I and Doe Corporation failed to implement and use reasonable procedures to  limit the provision of consumer reports to a § 1681b permissible purpose.

75.    Natimark, Leon Saja, Corporate Agent Doe I and Doe Corporation knew or should have known the prospective use of reports by Radner and 800ZeroDebt was for a § 1681b impermissible purpose and thus acted in violation of  § 1681e(a)  and e(e).

76.    Natimark and Doe Corporation falsely certified a permissible purpose and use for the information sought and thus acted in violation of  § 1681e(a)  and e(e).

77.    Natimark, Leon Saja, Corporate Agent Doe I and Doe Corporation knowingly and willfully obtained and re-sold the information from the consumer reports of Ms. Firneno, Mr. Franke and the other class members under false pretenses and are liable under  15 U.S.C. § 1681q.

78.   Natimark, Leon Saja, Corporate Agent Doe I and Doe Corporation willfully violated 15
      U.S.C. § 1681b(a), § 1681b(f) and §1681e(a), e(e) and are liable for their willful violations
      under 15 U.S.C. § 1681n.

79.   Ms. Firneno, Mr. Franke and the class members have suffered damages as a result of these
      violations of the FCRA.

### Jury Demand

80.   Plaintiffs demand trial by jury.

### Relief Requested

81.   *ACCORDINGLY, Plaintiffs respectfully request that this Court grant the following relief:*

      a.    *Certify this matter as a class action appointing Jody Firneno and Christopher
            Franke as the representative of the class and appointing their counsel as Class
            Counsel;*

      b.    *Enjoin Defendants from further violations of the FCRA.*

      c.    *Grant Statutory damages of up to $1000 per class member.*

      d.    *Grant, punitive damages.*

      e.    *Award statutory and attorney fees and costs.*


                        Respectfully Submitted,

                        By: s/ Julie A. Petrik (P47131)
                        Attorney for Plaintiffs
                        24500 Northwestern Highway, Ste. 206
                        Southfield, MI 48075
                        (248) 208-8864
                        Julie@MichiganConsumerLaw.com

Dated: January 10, 2014