UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY FIRNENO and CHRISTOPHER
FRANKE,

     Plaintiffs,

v.

NATIONWIDE MARKETING SERVICES,
INC., et al.,

     Defendants.
                                       /

Case No. 2:14-cv-10104

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER OVERRULING OBJECTIONS [84],
ADOPTING DISCOVERY MASTER'S REPORT [83], DENYING MOTION
FOR PARTIAL SUMMARY JUDGMENT [74] WITHOUT PREJUDICE, GRANTING
MOTION TO PERMIT DISCOVERY [77], AND REFERRING CASE TO MEDIATION**

Filed on January 10, 2014, the instant case is one of the Court's oldest, and Plaintiffs' motion for class certification has been pending for almost three years. The cause of the delay is clear: Defendants have consistently frustrated the discovery process and repeatedly flouted the Court's discovery orders. Defendants' counsel recently contacted the Court, however, and suggested that the parties would benefit from mediation and settlement talks. The Court held a status call with the parties and discussed how to best resolve the case through mediation. The instant order is the result. For the reasons below, the Court will overrule Defendants' objection to the Discovery Master's recent Report, adopt the Report, resolve two of the parties' outstanding motions, and put the parties on track to resolve the case with the assistance of an expert mediation team.

**BACKGROUND**

The Court's January 10, 2017 order details the class certification and discovery issues giving rise to the Court's re-appointment of the Discovery Master. ECF 73, PgID 1722–24,

1727–33. A flurry of motions followed that order, and included: Defendants' motion for partial summary judgment as to Defendant Leon Saja under Rules 12(c) and 56(c), ECF 74; Plaintiffs' motion to permit discovery under Rule 56(d), ECF 77; and Defendants' motion to alter or amend the Court's January 10, 2017 order under Rule 59(e), or to certify that order for interlocutory appeal—presumably under 28 U.S.C. § 1292(b), ECF 78. Simultaneously, and pursuant to the Court's January 10, 2017 order, the parties timely met with the Discovery Master. ECF 83, PgID 2086.

The Court had instructed the Discovery Master to "(1) ascertain exactly how much of discovery has been completed, (2) supervise the exchange of the remaining discovery, (3) detail the extent of Defendants' noncompliance with discovery to date, (4) recommend specific Rule 37 sanctions in light of that noncompliance, and (5) help the parties agree" to a scheduling order and briefing schedule for the updated motion to certify class. ECF 73, PgID 1731–32. The Discovery Master issued a Report in which he recommended that Defendants each supplement document production responsive to Plaintiffs' Requests for Production, and answers responsive to Plaintiffs' Interrogatories, and that any failure to do so should "result in a default and potential judgment in Plaintiffs' favor against" each Defendant. ECF 83, PgID 2110–11. Additionally, the Discovery Master recommended that Defendant Nationwide pay for and "provide a third-party vendor with access to its servers and computers to harvest data," and that Nationwide "must provide a certification from a corporate representative of its diligent search" for documents in response to several of Plaintiffs' Requests for Production. *Id.* at 2011. Finally, the Discovery Master recommended that the parties receive additional time to complete discovery pursuant to a suggested briefing schedule. *Id.* at 2109. Defendants filed timely objections. ECF 84.

**DISCUSSION**

Defendants have lodged three objections to the Report: (1) discovery matters should be put on hold until after the Court has resolved Defendants' outstanding motion for partial summary judgment, and motion to alter or amend the Court's January 10, 2017 order, or to certify that order for interlocutory appeal; (2) the Discovery Master's recommendations as to Defendant Saja are improper; and (3) the Discovery Master's recommendations as to Defendant Nationwide are improper. ECF 84. When considering objections to the Discovery Master's Report, the Court reviews findings of fact and questions of law de novo, and rulings on procedural matters for an abuse of discretion. Fed. R. Civ. P. 53(f)(3)–(5).

In response to Defendants' first objection, Plaintiffs contend that the Discovery Master did not abuse his discretion "in making a recommendation on discovery while Defendants' motions are pending." *Id.* at 2250. The Court agrees. The Discovery Master did exactly what the Court ordered, and was under no obligation to the consider any later-filed motions that fell outside the scope of the Court's directive.

Plaintiffs further assert that the imposition of a stay of discovery is improper when factual issues remain for dispositive motions. ECF 87, PgID 2249. "Defendants should not be permitted to evade discovery," Plaintiffs argue, "and then deprive Plaintiffs of the opportunity to use the information requested in response to dispositive motions — particularly when Defendants have already been ordered on multiple occasions to promptly produce that information." *Id.* at 2252. Essentially, this is the thrust of Plaintiffs' earlier motion to permit discovery under Rule 56(d), and is supported by a declaration from Plaintiffs' counsel. *See* ECF 77, 77-1.

Rule 56(d) allows the Court to deny an outstanding motion for summary judgment or

allow time to take discovery if the nonmovant explains, by way of affidavit or declaration, that it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). While the Court has "inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel," *Jordan v. City of Detroit*, 557 F. App'x 450, 456–57 (6th Cir. 2014) (quotations omitted), it is crucial that a "plaintiff [] receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (internal quotation marks omitted).

Defendants object to the Discovery Master's recommendation that they produce additional discovery. Defendants claim that they have fully supplemented their discovery requests in compliance with the Court's orders. But there is no question that Defendants' obstruction has prevented Plaintiffs from receiving a full opportunity to conduct sufficient discovery to oppose a summary judgment motion. Defendants' discovery abuses have been well-documented by the Court's earlier orders, and need not be reiterated here. *See* ECF 50, 56, 73. Those orders, combined with the Discovery Master's recent Report, show a pattern of willful disobedience to the Court's orders.

The Discovery Master's Report is thorough and well-reasoned, and his recommendations are fair and measured. Defendants have provided the Court with no factual or legal basis to find otherwise. Accordingly, the Court will overrule Defendants' objections, adopt the Report in full, deny without prejudice Defendants' outstanding motion for partial summary judgment, grant Plaintiffs' motion to allow discovery under Rule 56(d), and refer the case to mediation.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Objection [84] is **OVERRULED**, the Discovery Master's Report [83] is **ADOPTED** in full, Plaintiffs' Motion to Permit Discovery [77] is **GRANTED**, and Defendants' Motion for Partial Summary Judgment [74] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court's January 10, 2017 order appointing attorney Daniel Sharkey as Discovery Master shall remain in effect. ECF 73. Discovery Master Sharkey is authorized and empowered to review all documents exchanged pursuant to, and monitor Defendants' compliance with, the instant Order.

**IT IS FURTHER ORDERED** that Defendants have **10 days** from the date of this order—or as otherwise set by the Discovery Master—to produce discovery materials in accordance with the exact specifications and terms outlined in the Report, including:

1. Saja must supplement his answers to Plaintiffs' Interrogatories No. 3–5;

2. Saja must supplement his document production with documents responsive to Plaintiffs' Requests for Production No. 1;

3. Because of Saja's history of discovery violations, his failure to comply with the terms of this order will result in a default and potential judgment in Plaintiffs' favor against Saja;

4. Nationwide must supplement its answer to Plaintiffs' Interrogatory No. 1;

5. Nationwide is precluded from producing any further facts, by document or testimony, related to its answers to Interrogatories No. 8 or 14 which have not already been placed in the record;

6. Nationwide must supplement its document production with documents responsive to Plaintiffs' Requests for Production No. 8–10 and 45;

7. Due to Nationwide's repeated failure to provide answers to Plaintiffs' Interrogatories No. 4 and 9, and Plaintiffs' Requests for Production No. 3, 4, and 7, in repeated and knowing violation of the Court's Orders, it must provide a third-party ESI vendor—as agreed to by the parties or selected by the

> Discovery Master—with access to its servers and computers to harvest data within 10 days of receiving Plaintiffs' custodian information, as outlined in the Report. Nationwide shall bear all of the vendor's costs as a Rule 37 sanction;

8. Nationwide does not need to supplement its document production in response to Plaintiffs' Requests No. 11, 19–23, 27, or 29–32 at this time, but must provide a certification from a corporate representative of its diligent search as outlined above, within ten days; and

9. Because of Nationwide's history of discovery violations, its failure to comply with the terms of this order will result in a default and potential judgment in Plaintiffs' favor against Nationwide.

**IT IS FURTHER ORDERED** that the parties shall promptly **CONTACT** and **CONFER** with the Discovery Master regarding (1) the procedures for Defendants' delivery of the requested discovery, (2) the selection of the third-party ESI vendor—either mutually agreed to by the parties or selected by the Discovery Master—to search Nationwide's computers and servers for information and documents responsive to Plaintiffs' discovery requests, (3) the Plaintiffs' identification of up to three custodians, and (4) all other related procedures associated with the parties' compliance with the instant Order. The Defendants will continue to pay the entirety of the Discovery Master's fees and expenses. The Discovery Master may conduct hearings and conferences with the parties in the manner and at the times and locations he deems appropriate. If he so chooses, he may outline the details and procedures governing the supervision and management of discovery in a further order, and submit the order to the Court after consultation with counsel.

**IT IS FURTHER ORDERED** that within **14 days** of the Defendants' attempted compliance with the instant Order, the Discovery Master shall **FILE** a concise Report on the docket simply indicating whether Defendants have fully complied with the instant Order.

If Defendants have not complied, the Report shall state the extent of Defendants' noncompliance, and recommend terms of default to be entered against Defendants.

Further noncompliance with the Court's orders will be instantly treated as contempt of the Court. In addition to these sanctions, the Court will promptly hold a separate hearing to address the extent to which the Court will *sua sponte* sanction Defendants' counsel under Rule 11, 28 U.S.C. § 1927, and the Court's inherent powers to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, and for oppressive reasons." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)).

**IT IS FURTHER ORDERED** that once the Discovery Master's Report is filed, the case is **REFERRED** to mediation. The parties shall **FILE** a Joint Status Report detailing the status of settlement discussions within **14 days** after the Discovery Master's Report is filed, and every **30 days** thereafter. The Mediation Team shall be led by Magistrate Judge Mona K. Majzoub, who will be assisted by attorney Daniel Sharkey for all discovery-related matters, and by attorney Patrick Seyferth (248-822-7800, seyferth@bsplaw.com) for all mediation-related matters. The parties shall contact attorneys Sharkey and Seyferth and provide them with a copy of this order as soon as practicable.

The parties shall proceed in compliance with Local Rule 16.4, pursuant to which the private mediators will assess fees and expenses with complete discretion and as part of the mediation in light of the parties' conduct before and during mediation. Discovery Master Sharkey and Mediator Seyferth are encouraged to meet with the parties and discuss the progress of the case through the most recent discovery disclosure. While the Court affords the Mediation Team total discretion to manage the mediation, it proposes the following three phases:

- ***Phase 1***. The parties meet with attorneys Sharkey and Seyferth jointly to determine whether stipulated class certification is a viable option, and if so, what

7

additional discovery is necessary to define the class, estimate the number of class members, and determine the kind and number of potential violations subject to claims for statutory damages.

- **Phase 2**. Discovery Master Sharkey facilitates the exchange of any additional discovery, and resolves any disputes over the scope and contents of the additional materials. Once discovery concludes and if the parties agree that the static body of discovery permits them to effectively mediate the case, the parties proceed to Phase 3A, and Mediator Seyferth—in full consultation with Judge Majzoub—conducts preliminary mediation sessions. If mediation with Mediator Seyferth is unsuccessful, the parties shall proceed to Phase 3B, and Discovery Master Sharkey will file a Report on the docket with updated recommendations as to terms of default to be entered against Defendants.

- **Phase 3A - Mediation Option**. With Mediator Seyferth's and Judge Majzoub's expert assistance, the parties agree to terms of a class settlement that address *all possible issues*, including class claims, statutory damages, and attorney fees. The Court suggests a preliminary mediation with Mediator Seyferth to address all issues. Then, absent settlement with his help, or even if the parties agree to the core components of a settlement and are prepared to proceed under Rule 23, the parties then should attend a final mediation session with Magistrate Judge Majzoub, who will either complete negotiations or give any proposed settlement a hard look with a judicial eye, and assist the parties in resolving any remaining issues before the parties seek preliminary approval under Rule 23.

- **Phase 3B - Litigation Option**. Absent settlement, the parties would have the necessary information to brief an updated class certification motion. Subject to no more than **one** stipulated extension, the briefing schedule will be as follows:

  As to Class Claims:

  - All remaining class discovery:        07/07/17
  - Updated motion to certify class filed: 07/21/17
  - Response to updated motion filed:     08/21/17
  - Reply to Response filed:              08/28/17
  - Dispositive motion deadline:          30 days after disposition of motion to certify class

  As to Individual Actions:

  - All remaining fact discovery:         07/07/17

  As to Defendants' remaining motion, ECF 78:

  - Response filed:                       21 days after mediation fails
  - Reply to Response filed:              14 days after Response is filed

**IT IS FURTHER ORDERED** that subject to no more than **one** stipulated extension, the parties shall be bound by the abovementioned briefing schedule if they cannot reach a settlement.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 18, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

9